# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 8-174 |
| v. | ) | CV 12-437 |
| DONALD DEADERICK | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to one Count of conspiracy in violation of 21 U.S.C. § 846. He was subsequently sentenced to a term of 120 months imprisonment, followed by a term of supervised release. Before the Court is Defendant's Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the Defendant's Motion will be denied, and no certificate of appealability shall issue.

### OPINION

**I.  APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d

---

[1] This matter was reassigned to me on February 23, 2016; Judge Cercone presided over earlier proceedings.

331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. WAIVER

I first address the Government's contention that Defendant, in his plea agreement, waived his right to collateral attack.

Generally speaking, within this Circuit, a collateral attack waiver is enforceable if it was knowing and voluntary. See United States v. Fazio, 795 F. 3d 421, 425 (3d Cir. 2015). Claims challenging the voluntariness of a collateral attack waiver, or the effectiveness of counsel with respect to the waiver itself, may survive the waiver. United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004). In this context, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

Here, Defendant's plea letter contained the following language: "Donald Deaderick …waives the right to file a motion to vacate sentence, under 28 U.S.C. 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Both Defendant and his counsel signed the letter.

Moreover, the plea colloquy belies Defendant's claim that his plea was anything other than knowing, voluntary, and understood. The Court confirmed, first, that Defendant

2

understood everything that the Court was saying, and that he was clearheaded and unimpaired. Counsel for the Government read the terms of the plea agreement, including the collateral attack waiver, into the record at the plea hearing. The following exchanges occurred:

> COURT: You're represented by counsel…Are you satisfied with the legal representation that he has provided for you so far?
>
> DEFENDANT: Yes, sir.
>
> ***
>
> COURT: Furthermore, under the terms of the plea agreement, you are also waiving your right to file a motion to vacate your sentence or to attack your conviction or sentence that is under…Title 28, USC, Section 2255, and also to file any other form of collateral proceeding attacking either your conviction or sentence. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> ***
> COURT: Are you changing your plea of your own free will?
>
> DEFENDANT: Yes, sir.
>
> COURT: Was it under those circumstances that you were acting, under your own free will, that you executed the plea agreement, that is, you signed it?
>
> DEFENDANT: Yes, sir.
>
> ****
>
> COURT: Again, I ask you, you did so freely?
>
> DEFENDANT: Yes, sir.

Following the colloquy, the Court found, <u>inter alia</u>, that Defendant was competent, understood his rights and the consequences of waiving those rights. Therefore, the Court accepted Defendant's guilty plea.

Any of the alleged errors of counsel impacting Defendant's plea, were I to accept that they were indeed errors, are cured by an adequate colloquy. Cf., e.g., Jones v. United States, 2016 U.S. Dist. LEXIS 6779, at *16 (W.D. Pa. Jan. 20, 2016). There is no question that Defendant's colloquy, as it regards the plea and collateral attack waiver, were adequate. Further, Defendant does not aver that counsel was ineffective in any way that directly relates to the waiver itself. Indeed, he does not contend, in a substantive or supported way, that the decision to accept the waiver provision was unknowing or involuntary. At no time during the hearing did Defendant indicate that he misunderstood or was misadvised about the waiver, or any part of the plea agreement, or was in any way coerced into pleading. In sum, Defendant has proffered no grounds that would justify invalidating that waiver provision.

I will, however, also look to whether enforcing the waiver would work a miscarriage of justice. United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001). In so doing, I am to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Mabry, 536 F. 3d 231, 242 (3d Cir. 2008) (quoting United States v. Teeter, 257 F. 3d 14, 25-26 (1st Cir. 2001)). Courts are to apply the miscarriage of justice exception "sparingly and without undue generosity." United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)). Considering these factors, and all of the attendant circumstances, I find that enforcing the waiver does not work a miscarriage of justice. For example, as discussed infra, the alleged errors are not clear, Defendant acquiesced fully in the result and did so on the record,

they do not relate to the validity of the underlying conviction for the crime charged, and invalidating the plea or waiver would have a significant impact on the Government.

### III. DEFENDANT'S MOTION

I note, as well, that had Defendant not waived his right to collateral attack, his Motion would be denied on substantive grounds.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is…only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). To prevail under Strickland, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687.

Here, Defendant contends that counsel was ineffective because he should have argued other grounds for the suppression of evidence, aside from the two motions filed on Defendant's behalf. He further contends, inter alia, that he was prepared to pursue his innocence and go to trial; that the Court did not rule on his suppression motion prior to his guilty plea; that counsel failed to properly pursue the Government's failures to respond to a defense motion seeking disclosure of information; and that counsel raised this latter issue with the Court too late. Defendant suggests that this series of events effectively coerced him into pleading guilty. His supplemental materials center on his dissatisfaction with counsel's, and the Court's, approach to his suppression motions, as he pleaded guilty before the Court ruled on the motions. I have

carefully scrutinized the record, and would reject Defendant's contentions were they not subject to waiver. Counsel's conduct, in all instances alleged, was not constitutionally deficient, and Defendant's unsupported and conclusory averments of prejudice are not the type contemplated by Strickland. This matter simply does not give rise to one of the "rare claims" that succeeds under applicable standards.

### IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if (1) "jurists of reason" would find the district court's procedural ruling debatable, and (2) the petition states a valid claim that constitutional rights were denied. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Under these standards, no certificate of appealability shall issue.

### CONCLUSION

In conclusion, Defendant's Section 2255 Motion Defendant's Motion will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

## ORDER

AND NOW, this 3rd day of March, 2016, Defendant's Motion to Vacate is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court